IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN PENA, | : |
| | : |
| Petitioner, | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO. 15-6632 |
| JOHN KERESTES, et al., | : |
| | : |
| Respondents. | : |

## O R D E R

**AND NOW,** this 26th day of April, 2017, upon careful and independent consideration of the petition for writ of habeas corpus, and after review of the thorough and well-reasoned Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski, **IT IS HEREBY ORDERED** that:

1. Upon *de novo* review, petitioner's objections are **OVERRULED**;

2. The report and recommendation is **APPROVED** and **ADOPTED**;[1]

---

[1] Petitioner Jonathan Pena brings this counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 21, 2016, United States Magistrate Judge Lynne A. Sitarski issued a Report and Recommendation, recommending that the petition be dismissed. Petitioner filed Objections to the Report and Recommendation on October 5, 2016. For the following reasons, I will overrule the Objections, approve and adopt the Report and Recommendation, and dismiss the petition with prejudice without an evidentiary hearing.

I will review *de novo* the portions of the Report and Recommendation to which petitioner objects and I may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Petitioner makes several objections, which I will address in turn.

First, Petitioner argues that his trial counsel was ineffective for failing to meet with him in prison during the sixteen month period while he was incarcerated before trial, because (1) the factual finding that his counsel met with him prior to his self-surrender to police fails to address his argument and (2) the trial court's colloquy with Petitioner about his "supposed 'satisfaction'" with his lawyer does not undermine his argument that his trial counsel acted unreasonably or that prejudice resulted. (Pet.'s Written Objections to the Rep. & Rec. at 1–2 [hereinafter

3. The petition for a writ of habeas corpus is **DISMISSED** with prejudice;

4. A certificate of appealability **WILL NOT ISSUE**; and

5. The Clerk is directed to mark this case **CLOSED**.

BY THE COURT

*/s/ Lawrence F. Stengel*
LAWRENCE F. STENGEL, J.

---

Objections]). Petitioner's objection to Judge Sitarski's well-reasoned and thorough discussion of this claim is overruled. As stated in the Report and Recommendation, the Superior Court's factual determination regarding Petitioner's meetings with his trial counsel was not unreasonable, Petitioner has not presented any evidence to rebut that determination, and the Superior Court did not unreasonably apply Strickland v. Washington, 466 U.S. 668 (1984).

Petitioner's next objection to Judge Sitarski's Report and Recommendation concerns her finding that his counsel was not ineffective in eliciting testimony from Jamar Headen. This objection is overruled for the same reasons stated in the Report and Recommendation.

Petitioner's third objection concerns Judge Sitarski's finding that no prejudice resulted from his trial counsel's failure to secure video footage prior to trial because, in addition to assessing the footage, trial counsel could have used the footage to develop additional lines of questioning to support the theory that there had been a misidentification based on the presence of a third person on the video footage. As discussed in the Report and Recommendation, Petitioner's contention that a jury could have believed trial counsel's theory about a misidentification if the tape had been presented is misplaced, because Petitioner was tried in a bench trial. In addition, the trial judge viewed the tape following the trial and deemed it not exculpatory, and also remained satisfied with her verdict. Accordingly, this objection is overruled.

Next, Petitioner objects to the Report and Recommendation because it did not assess his argument that he suffered "cumulative prejudice." (Objections at 3–5). As the Respondents point out, this claim is time-barred and defaulted because Petitioner did not raise this claim until after the AEDPA's statute of limitations had expired, and he never presented this claim to the state courts during PCRA review before that statute of limitations expired. (See Docket No. 20.) This objection is therefore overruled.

Lastly, Petitioner objects to the Recommendation that a certificate of appealability should not issue. This objection is also overruled for the reasons discussed above.